In the Matter of the Claim of EDWARD BENNETT, Respondent, against DREIER STRUCTRAL STEEL COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, June 9, 1959.

*Ralph S. Stowell* and *Joseph D. Edwards* for appellants.

*Phillips & Kalb* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*Edward A. Bailey* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

BERGAN, J.   Claimant, who was employed in a steel plant, had a psychotic background, having been hospitalized for mental illness on three occasions before the occurrence of the incident which gives rise to this claim.   While working on the job he acted irrationally and peculiarly.

Both the employer and fellow workers knew of claimant's peculiarities.   Claimant frequently annoyed and insulted his fellow workers in various ways.   A shop foreman called specific attention of the employer to these occurrences.   Mr. Dreier, one of the employer's officers, told the foreman that " we should do something about " claimant; but the foreman noted that nothing was done about him.

On August 8, 1955 claimant used grossly insulting language to a fellow employee who thereupon assaulted him.   The claim which has been allowed by the Workmen's Compensation Board is for injury sustained in this assault.   Shortly after the assault claimant was sent to a State hospital for the mentally ill, was there at the time of the hearing, and did not testify.

We are of opinion the assault arose out of and in the course of employment.   The employer had reasonable notice that the mental peculiarity of claimant was having an effect on the men with whom he worked on the job and thus had become one of the conditions of employment.   The employer, therefore, might reasonably be held to anticipate the normal human reaction from a continuance of this kind of employment environment.   Although not directly in point, some collateral light is cast on this problem by decisions such as *Matter of Verschleiser* v. *Stern & Son* (229 N. Y. 192) and *Matter of Vesper* v. *Colonial Radio Corp.* (274 App. Div. 859).

180

Claimant's provocative conduct was not due to "wilful intention" in the sense that term is used in the statute (*Matter of Commissioner of Taxation* v. *Bronx Hosp.*, 276 App. Div. 708, 711, motions for leave to appeal denied 277 App. Div. 911, 301 N. Y. 813), but was due to mental disease.

In this respect the problem is somewhat similar in underlying principle to the case where physical weakness or illness of an employee is a direct cause of industrial casualty. We do not need to go further here than to say that in the view we take of this record the accident arose both out of and in the course of employment.

The award should be affirmed, with costs to the Workmen's Compensation Board.

FOSTER, P. J., COON, HERLIHY and REYNOLDS, JJ., concur.

Award affirmed, with costs to the Workmen's Compensation Board.